IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

                Plaintiff,

v.

MADISON R. BROWN, AMBER R.
BROWN, JUSTIN R. BROWN, MYNA J.
BROWN, TRACE M. BROWN, AND
DIANNA BROWN,

                Defendants.

Civil Action No.: 1:18-cv-00517-JB-N

### THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
### MOTION FOR DEFAULT JUDGMENT
### AGAINST DEFENDANT MADISON R. BROWN

Plaintiff, The Prudential Insurance Company of America ("Prudential"), filed this Interpleader action to resolve the competing claims of Defendants, Madison R. Brown ("Madison"), Amber R. Brown ("Amber"), Justin R. Brown ("Justin"), Myna J. Brown ("Myna"), Trace M. Brown ("Trace"), and Dianna Brown ("Dianna"), to a $100,000 death benefit due as a consequence of the death of Richard E. Brown, deceased ("Insured"). Prudential does not dispute that the death benefit is owed, but Prudential is subject to multiple liability due to the defendants' adverse claims to the death benefit.

In this motion, Prudential moves this Court for entry of an Order entering default judgment against Defendant Madison Brown.

## PROCEDURAL HISTORY

On December 11, 2019, Prudential filed the Complaint in this interpleader action. (Doc. No. 1.). On December 21, 2019, Dianna filed an Answer. (Doc. No. 12). Madison Brown was served on January 18, 2019. (Doc. No. 22). On February 21, 2019, Myna, Amber, Trace, and Justin filed an Answer and Crossclaim. (Doc. No. 24).

The time within which Madison had to answer or otherwise move as to the Complaint expired on February 8, 2019. To date, Madison has not answered or otherwise moved in response to the Complaint.

On March 7, 2019, the Clerk entered default against Madison. (Doc. No. 29).

## STATEMENT OF FACTS

Prudential, through the Office of Servicemembers' Group Life Insurance, provided group life insurance benefits to the Department of Veterans Affairs of the United States, pursuant to the Servicemembers' Group Life Insurance statute, 38 U.S.C. § 1965 ("SGLI"), under group policy number G-32000 (the "Group Policy"). (*See* Exhibit 1-Declaration of Jahn Schnetzer ("Ex. 1"), ¶2.) The Group Policy provides Veterans' Group Life Insurance ("VGLI") coverage to veterans who separate or are released from active duty. (Ex. 1 at ¶3.) At all relevant times, the Insured was covered for VGLI under the Group Policy in the amount of $100,000.00 (the "Death Benefit"). (*Id.*, ¶4.)

On or about June 21, 2013, the Insured submitted a VGLI Beneficiary Designation/ Change form designating Myna, Madison, Justin, Amber, and Trace as primary beneficiaries to each receive 20% of the Death Benefit. (*Id.*, ¶5.) On or about January 11, 2017, the Insured submitted a VGLI Beneficiary Designation/Change form designating Myna, Madison, Justin, Amber, and Trace as primary beneficiaries to each receive 20% of the Death Benefit. (*Id.*, ¶6.)

On or about May 31, 2018, the Insured submitted a VGLI Beneficiary Designation/ Change form stating that the designations would be "by law." (*Id.*, ¶7.)

The Insured died on or about August 17, 2018 in Alabama. (*Id.*, ¶8.)  As a consequence of the Insured's death, the Death Benefit became due. (*Id.*,¶ 9.) VGLI death benefits due as a consequence of a member's death are paid to the first of the following:  (1) the designated beneficiary or beneficiaries; (2) if there are no designated beneficiaries, the widow or widower of the member; and (3) if none of the above, the child or children of the member and descendants of deceased children by representation.  38 U.S.C. § 1970(a).

Upon information and belief, the Insured was married to Dianna at the time of his death. (*Id.*, ¶10.)  Accordingly, pursuant to the May 31, 2018 beneficiary designation, Dianna would receive the Death Benefit by law as the Insured's widow.  (*Id.*, ¶11.)

However, on or about August 27, 2018, Prudential received several emails from Amber, who alleged that the Insured's latest beneficiary designation was fraudulently executed and that at the time of his death, he was in the middle of getting a divorce from Dianna. In support of her claim, among other documents, she provided a copy of the Insured's Judgment of Divorce from his prior marriage to Cynthia Brown, entered in the Circuit Court of Mobile Alabama, which included a provision that the Insured was to execute a beneficiary change designating his minor children as irrevocable beneficiaries of his life insurance policies. (*Id.*, ¶12.)

The next day, on August 28, 2018, Dianna submitted a claim for the Death Benefit.  (*Id.*, ¶13.)

Due to the competing claims made by or available to the Defendants, Prudential is unable to determine the rightful beneficiary or beneficiaries of the Death Benefit. (*Id.*, ¶15.)   Prudential

claims no title or interest in the Death Benefit due under the Group Policy. (*Id.*) Prudential seeks to deposit the Death Benefit into the Court's Registry.[1]

## LEGAL ARGUMENT

### Defendant Madison Brown Has Failed To Answer The Complaint In Accordance With The Federal Rules Of Civil Procedure and Therefore Default Judgment Should Be Entered Against Her Pursuant To Fed. R. Civ. P. 55(b)(2)

The Federal Rules of Civil Procedure provide that a defendant must serve an answer within 21 days after being served with the summons and complaint. Fed. R .Civ. P. 12(a)(1)(A). If a defendant fails to file an answer, default judgment may be sought against that defendant. Fed. R. Civ. P. 55. Prior to seeking a default judgment, an entry of default pursuant to Fed. R. Civ. P. 55(a) must be sought. *Capitol Records v. Rita Carmichael,* 508 F. Supp. 2d 1079, 1082 (S.D. Ala. 2007). After an entry of default is made, the moving party may move for default judgment under Fed. R. Civ. P. 55(b). *Id.; see also In re Knight,* 833 F.2d 1515, 1516 (11th Cir.1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir.1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment).

Although Fed. R. Civ. P. 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, the court may exercise "sound judicial discretion" in entering default judgment. *See* Wright & Miller, 10A Federal Practice & Procedure, § 2685 (3d ed. 1998). The Court may not enter default judgment against an infant or incompetent unless appropriately represented in the action. Fed.R.Civ.P. 55(b)(2); G*lobeNet Metals, LLC v. Fid. Oil Field Services, LLC,* 2013 WL 5529607, at *1 (S.D. Ala. Oct. 7, 2013). In any civil action in

---

[1] Prudential is filing a separate Motion for Deposit of the Death Benefit simultaneously with the instant Motion.

which the defendant does not make an appearance, "the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit" addressing the defendant's military status. *Id.*; *citing* 50 U.S.C. § 521(a), (b).

Further, default judgment may be entered against absent defendants in interpleader matters. *See Usable Life Co. v. Gann*, 2009 WL 4348588 (E.D. Tenn. Nov. 24, 2009) (wherein the Court entered default against an absent defendant in an interpleader action); *see also SunLife Assur. of Canada (U.S.) v. Conroy,* 431 F.Supp.2d 220, 226 (D.R.I.2006) ("[a] named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted").

Here, Madison was served with the Interpleader Complaint on January 18, 2019. (Doc. No. 22). Madison, along with the other Defendants, Amber, Justin, Myna, Trace, and Dianna, are putative beneficiaries of the Death Benefit due as a result of the death of the Insured. Madison's time to answer expired on February 8, 2019, and her answer is several months overdue. As set forth in the affidavit of Joyce S. Min submitted herewith (*See* Exhibit 2- Declaration of Joyce S. Min ("Ex. 2")), Prudential has provided Madison with notice and ample opportunity to avoid the entry of default judgment against her in this matter. Furthermore, Prudential is unaware of any information suggesting that Madison is in the military, a minor and it does not appear that she is otherwise incompetent. (Ex. 2, at ¶8-9; *see also* Ex. A to Ex. 2). The record shows that Madison received the Interpleader Complaint. However, to date, Madison has failed to answer the Complaint or otherwise appeared.

Prudential seeks to deposit the Death Benefit into the Court's registry via a separate motion for deposit which it is filing simultaneously with the instant motion and does not seek a monetary judgment from Madison. Further, the issue of who is entitled to receive the Death

5

Benefit is an issue to be advanced by the competing claimants, and Prudential takes no position on this issue. However, as an interpleading stakeholder, Prudential is unable to fulfill its contractual obligations to pay life insurance on the death of the Insured because Madison has not appeared in this matter. In order for Prudential to obtain the relief herein requested and in order for the rightful party to establish title over the Death Benefit, all parties must appear or otherwise be adjudged in default. If final judgment by default is not entered against Madison, Prudential will not be able to deposit the Death Benefit into the Court or pay out the disputed proceeds and be released from further liability. Prudential will remain exposed to multiple claims. Further, the real parties in interest (*i.e.*, Amber, Justin, Myna, Trace, and Dianna) will be precluded from obtaining relief. Prudential cannot force Madison to respond to the Interpleader Complaint and lacks any leverage to persuade her to answer.

Accordingly, in order to avoid further delay, and there being no reason to presume Madison has any intention to file an Answer, the Court should enter final judgment by default against Madison. Moreover, no hearing will be necessary because the Court need not conduct an accounting, determine damages, establish the truth of any allegation by evidence or investigate any other matter. Fed. R. Civ. P. 55(b)(2)(A)-(D).

## **CONCLUSION**

For all of the foregoing reasons, Prudential respectfully requests that the Court grant its Motion for Default Judgment against Defendant Madison Brown.

Respectfully submitted this 25th day of July, 2019.

>    *//s/ Felicia A. Long*
>    Felicia A. Long (ASB-5532-F61L)
>    Counsel for Plaintiff

**OF COUNSEL:**
Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
TEL: (334) 834-7600
FAX: (334) 386-4394
Email: flong@hillhillcarter.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this date electronically filed the foregoing document with the Clerk of the Court for the United States District Court, for the Southern District of Alabama which will automatically notify the following:

| | |
|---|---|
| Michael J. Hoover, Esquire | Thomas H. Benton, Jr., Esquire |
| Interpleader Law, LLC | Benton Law, LLC |
| 9015 Bluebonnet Blvd. | 5 Dauphin Street, Suite 301 |
| Baton Rouge, Louisiana 70810 | Mobile, Alabama 36602 |
| michael.hoover@interpleaderlaw.com | tom@benton-law.com |

and placed a copy of same in the U.S. mail, postage prepaid and properly addressed, to:

Madison Brown
1218 Texas Street
Mobile, Alabama 36604

on this the 25th day of July, 2019.

                                                  */s/ Felicia A. Long*
                                                  Of Counsel