IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 18-CV-00517-JB-N |
| MADISON R. BROWN, AMBER R. BROWN, JUSTIN R. BROWN, MYNA J. BROWN, TRACE M. BROWN, and DIANNA BROWN, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

This matter is before the Court on Plaintiff, The Prudential Insurance Company of America's ("Prudential"), Motions for Default Judgment against Defendant Madison R. Brown, (Doc. 53), to Deposit Funds Pursuant to Fed. R. Civ. P. 67 (Doc. 54), and for Interpleader Relief. (Doc. 55). After due consideration, the Court finds that Prudential is entitled to the relief requested in each Motion as set forth herein.

## PROCEDURAL HISTORY

Prudential instituted this action via Interpleader Complaint on December 11, 2018. (Doc. 1). In its Complaint, Prudential acknowledges the several claims to the insurance policy proceeds,[1] notes that it has no stake in the outcome of the proceedings, and requests various forms of relief from this Court. In response to Prudential's filing, Dianna Brown (Doc. 12) and the

---

[1] As noted in Prudential's Interpleader Complaint, Amber Brown submitted a competing claim to the policy proceeds on August 27, 2018, alleging the final beneficiary designation (made on May 31, 2018) was fraudulent. (Doc. 1, pp. 4, 5). Dianna Brown also submitted a claim to the policy's proceeds on August 28, 2018. (*Id.* at 5).

Brown Children (Doc. 24) filed Answers, with the Brown Children cross-claiming against Dianna Brown.  In their cross-claim, the Brown children allege that Dianna Brown either coerced Richard Brown via duress, or as a consequence of undue influence, or her own forgery, to designate her as the beneficiary to "another $250,000 insurance policy." (Doc. 24, p. 3).  After the Brown Children filed their cross-claim, Dianna Brown answered and filed her own cross-claim against the Brown Children. (Doc. 31).  Thereafter, the Brown Children filed Motions to Dismiss (Doc. 37) and for Partial Summary Judgment (Doc. 38), each of which they sought to withdraw shortly thereafter, and the Court obliged their requests. Following the Brown Children's most recent filings, Prudential filed the Motions now before the Court. (Docs. 53 – 55).

## FACTS

On December 4, 2001, Richard E. Brown ("Brown" or "the Insured") divorced his first wife (and the biological mother of the Brown children), Cynthia Brown. (Doc. 38-2, p. 92).  Among the various provisions of the divorce decree, the Mobile County Circuit Court ordered the following regarding the Insured's life insurance policy:

> That the Defendant shall name the minor children irrevocable beneficiaries of all life insurance policies presently in existence on his life. The Defendant shall furnish the Plaintiff proof of the existence of said life insurance, the death benefit, and this irrevocable beneficiary designation within thirty (30) days from the date of the signing of the divorce decree and at least once each year during the month of January upon Plaintiff's written request.

(Doc. 38-2, p. 91) (emphasis removed).  At the time of his divorce from Cynthia Brown, the Insured was retired from the United States Army and was working full time with the Veterans Administration. (*Id.*).  As a consequence of his military service, Brown was insured by the Prudential Insurance Company of America through a Veteran's Group Life Insurance Policy ("VGLI

Policy"). Brown's coverage under this policy began on June 1, 1995; the death benefit under this policy was $100,000. (Doc. 38-2, pp. 95 – 97). Accordingly, the policy referred to in the Mobile County Circuit Court's divorce decree was in effect at the time of the divorce and subsequent to it. (Doc. 1, p. 3).

As more fully set out in Prudential's and the Brown Children's filings, the Insured executed Beneficiary Designations naming the Brown Children as his primary beneficiaries on the above-referenced policy in 2013. (*See* Doc. 1-2, pp. 1 – 32; Doc. 38, p. 2). On March 31, 2016, Brown married Dianna Brown. (Doc. 38-2, p. 3). Approximately one year after his marriage, Brown again named the Brown children as the primary beneficiaries on his Prudential life insurance policy, providing each individual child with a twenty (20) percent interest in the policy's proceeds. (Doc. 1-2, pp. 1 – 12). On May 31, 2018, Brown purportedly altered his beneficiary designation on the Prudential life insurance policy, indicating that he wished the proceeds of the policy to be distributed "by law." (Doc. 1-2, p. 15). Brown passed away on August 17, 2018 (Doc. 38-2, p. 1).

## DISCUSSION

**I.   Default judgment must be entered against Madison Brown.**

In its first Motion before the Court, Prudential asks the Court to enter default judgment against Defendant Madison Brown ("Madison"). In support of its Motion, Prudential argues the following: (1) Madison was served the Complaint on January 18, 2019 (Doc. 22); (2) Madison failed to answer in the time required by Rule 12 of the Federal Rules of Civil Procedure; (3) that the Clerk entered Default against Madison on March 2, 2019 (Doc. 36); (4) Madison is not a member of the military and is not an incompetent person, thus making the entry of default

against her proper; and (5) Rule 55 of the Federal Rules of Civil Procedure permits the Court to provide the relief Prudential seeks. (Doc. 53, pp. 4 – 6).

As a threshold issue, the Court notes that Prudential is correct to assert that Madison was served on the date identified and that she has failed to answer or otherwise appear in this action. (*See* Doc. 22). Likewise, the Clerk entered default against Madison on March 7, 2019. (Doc. 29). Further, there is no evidence to suggest that Madison is an infant or an incompetent person, and Prudential has shown that Madison is not a member of the military.[2]

This Court has previously stated that,

> [t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true. Thus, a default judgment cannot stand on a complaint that fails to state a claim. Rather, before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought.

*GlobeNet Metals, LLC v. Fid. Oil Field Servs., LLC*, No. CIV.A. 13-0282-WS-B, 2013 WL 5529607, at *1 (S.D. Ala. Oct. 7, 2013) (internal citations and quotations omitted). Prudential's Interpleader Complaint alleges, *inter alia*, that it will be "expos[ed] [ ] to double or multiple liability on account of the potential competing claims made by or available to defendants. Prudential has no means other than this Interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and/or possible multiple litigation on the part of the defendants as to the Death

---

[2] *See* Doc. 53-2, pp. 3 – 5; 50 U.S.C. § 521(a), (b).

Benefit." (Doc. 1, pp. 5 – 6).[3] Further, Prudential is not seeking damages. There is no question that Prudential's Complaint states a substantive, sufficient basis for the relief sought. Accordingly, the Court must determine whether it may grant Prudential a final judgment as to Madison pursuant to Rule 55 of the Federal rules of Civil Procedure.

Default judgment may be entered by the Court pursuant to Fed. R. Civ. P. 55(b). There is no rigid formula that can be applied to determine whether a party is entitled to default judgment. Instead, Rule 55(b) provides (in pertinent part pertaining to these proceedings),

> "The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2)(A) – (D). However, such hearings are not universally required. *See GlobeNet Metals, LLC v. Fid. Oil Field Servs., LLC*, No. CIV.A. 13-0282-WS-B, 2013 WL 5529607, at *2 (S.D. Ala. Oct. 7, 2013) (relying on *Securities and Exchange Commission v. Smyth,* 420 F.3d 1225, 1232 n. 13 (11th Cir.2005)). Prudential filed this action in order to fulfill its contractual obligations to pay life insurance on the death of the Insured, and Prudential does not request a hearing; Defendants were afforded the opportunity to contest this Motion and did not. Accordingly, no hearing will be held. For those reasons, Prudential's Motion for Default Judgment against Madison Brown is **granted.**

---

[3] The Court notes, too, that interpleader is an appropriate remedy in this matter, as the amount in controversy exceeds $500, two or more adverse claimants of diverse citizenship claim to be entitled to the proceeds at issue (Doc. 55, p. 5), and Prudential seeks to deposit the proceeds with the Court. *See* 28 U.S.C. § 1335; *Usable Life Co. v. Gann*, No. 1:09-CV-77, 2009 WL 4348588, at *1 (E.D. Tenn. Nov. 24, 2009).

## II. Prudential may deposit the policy's proceeds with the Court.

In its second motion, Prudential asks this Court to order it to deposit with the Court the full amount of the death benefit of the Insured's life insurance policy, along with any accrued interest, pursuant to Fed. R. Civ. P. 67 and Civil L.R. 67.1.[4]  Rule 67(a) of the Fed. R. Civ. P. states the following: "a party . . . may deposit with the court all or part of the money or thing, whether or not that party claims any of it."  Considering Prudential's request, its purported inability to determine the proper beneficiary of the policy, Rule 67(a) Fed. R. Civ. P., and Civ. L.R. 67, Prudential's motion is **granted.**

Prudential is **directed** to deposit the funds at issue, $100,000, along with any accrued interest owed by Prudential to the rightful beneficiary of the Insured's policy, into the Court's registry.  Prudential shall present a copy of this order at the time it deposits said funds.  It is further **ordered** that upon receipt of said sum from Prudential, the Clerk of the Court is directed to deposit the funds into the Registry of the Court, and then, as soon as the business of the Court allows, the Clerk is directed to deposit these funds into the CRIS (Court Registry Interest) account under the terms and conditions set forth in Fed. R. Civ. P. 67 and Civ L.R. 67(d)(1).

## III. Prudential is entitled to the interpleader relief requested.

In its final motion, Prudential requests that the Court: (1) restrain defendants from initiating or prosecuting any proceedings relating to or arising out of the Death Benefit and/or the Group policy at issue; (2) direct the Defendants to interplead their rights to such sum; (3) discharge Prudential from further liability; and (4) dismiss Prudential with prejudice from this

---

[4] To the extent that Prudential relies of Civil L.R. 67.1, the Court shall interpret this request as one made under Civil L.R. 67, "Deposit Into Court; Withdrawal of Monies; Registry Fee," which governs, *inter alia*, how parties may deposit money with the Court.

6

action. In support of this Motion, Prudential provides the jurisdictional predicate by which the Court may entertain this action, demonstrates how Prudential has satisfied the requirements of statutory interpleader (Doc. 55, pp. 4 – 6), and cites several authorities that stand for the proposition that Prudential should be discharged from this action and not be held liable by Defendants from any claims arising from the policy at issue. (*Id.* pp. 6 – 8).

### a. Prudential shall be dismissed with prejudice from this action.

To begin, the Court notes that Prudential will satisfy the statutory interpleader standard once it deposits the policy's proceeds, along with any accrued interest, to the Clerk of the Court. (*See* n. 3). Generally, Rule interpleader plaintiffs are "entitled to be discharged from any and all liability to the claimants/defendants where there is no longer any material controversy concerning its obligations to those claimants." *Am. Gen. Life Ins. Co. v. Jones*, No. 08-0211-WS-B, 2008 U.S. Dist. LEXIS 92850, at *3 (S.D. Ala. Nov. 13, 2008); *see also Chase Manhattan Bank v. Mandalay Shores Coop. Hous. Ass'n (In re Mandalay Shores Coop. Hous. Ass'n),* 21 F.3d 380, 383 (11th Cir. 1994) ("A successful interpleader suit results in the entry of a discharge judgment on behalf of the stakeholder; once the stakeholder turns the asset over to the registry of the court, all legal obligations to the asset's claimants are satisfied.").[5] However, at least one district court

---

[5] Relying on *Standard Ins. Co. v. Nelson,* 2007 U.S. Dist. LEXIS 36197, 2007 WL 1453099, *1 (W.D. Wash. May 17, 2007) ("Once it has been determined that an interpleader action is appropriate, federal courts are entitled to discharge a disinterested stakeholder in an interpleader action."); *General Elec. Capital Assur. v. Van Norman,* 209 F. Supp.2d 668, 670 (S.D. Tex. 2002) (discharging plaintiff in rule interpleader action where defendants did not oppose discharge and there was no longer any material controversy involving plaintiff); *General Acci. Group v. Gagliardi,* 593 F. Supp. 1080, 1087 (D. Conn. 1984) (in rule interpleader context, "the general equitable powers of the court permit, if not invite, the court to receive a deposit and thereafter discharge the stakeholder")).

The Court notes that Prudential relies, not insignificantly, on authorities dealing with the Rule interpleader standard, as articulated in Rule 22 of the Federal rules of Civil Procedure, for

in this circuit has found interpleader-plaintiff dismissals inappropriate where the interpleader-plaintiff was an insurance company responsible for bringing the interpled defendants to court.[6]

Here, however, the facts are dissimilar than those relied upon by the district court in *Hauger*.

---

dismissal in its Motion now before the Court. (*see, e.g.,* Prudential's reliance on *Wells Fargo Bank, Nat. Ass'n v. PACCAR Fin,. Corp.,* 2009 WL 211386 (N.D. Cal. Sept. 22, 203), Doc. 55, p. 6). Despite this reliance, Prudential argues predominantly under the statutory interpleader umbrella. (*See, e.g.,* p. 4, n. 1, p. 7).

[6] The *Hauger* court purported to rely on the Eleventh Circuit's decision in *Chase Manhattan Bank v. Mandalay Shores Coop. Hous. Ass'n (In re Mandalay Shores Coop. Hous. Ass'n),* 21 F.3d 380 (11th Cir. 1994), to stand for the proposition that an insurance company can never be a disinterested stakeholder in an interpleader action.  ("In *Mandalay Shores*, the court also stated that insurance companies are not innocent stakeholders who unwittingly come into possession of the disputed asset. *Id.*  Rather, where multiple claimants are disputing the ownership of insurance proceeds, the chief beneficiary of an interpleader action is the insurance company. *Campbell v. North American Co.*, No. 3:04-cv-1118-J-TEM, 2007 U.S. Dist. LEXIS 54886 at * 17 (M.D. Fla. July 30, 2007).  Moreover, when an interpleader action is brought by an insurance company in response to a suit against the insurance company, an insurance company is not a disinterested, innocent stakeholder.").  *Hauger v. John Hancock Life Ins. Co., (U.S.A.),* No. 8:07-CV-1711-T-EAJ, 2008 U.S. Dist. LEXIS 8413, at *10 (M.D. Fla. Feb. 5, 2008) (internal citations and quotations included).

However, a closer reading of *Hauger* reveals that the district court did not directly rely on *Mandalay Shores* for the proposition that an insurance company could never be an innocent, disinterested stakeholder in an interpleader action.  Instead, the *Hauger* court relied on *Campbell v. N. Am. Co. for Life & Health Ins.,* No. 3:04-cv-1118-J-TEM, 2007 U.S. Dist. LEXIS 54886 (M.D. Fla. July 30, 2007), for that proposition.  In *Campbell*, the district court found that an insurance company was not an innocent, disinterested stakeholder because it filed its interpleader action in response to a breach of contract claim filed against it by the purported policy beneficiary and faced additional adverse claims from another purported beneficiary.  The insurance company in *Campbell* was not interested merely by virtue of the type of business it conducted.  Instead, the insurance company was interested because it faced the possibility of damages under the related breach of contract claim.  Such facts are not present in this case.

Moreover, *Mandalay Shores* does not appear to stand for the proposition cited by the *Hauger* court.  Instead, in *Mandalay Shores*, the Eleventh Circuit focused on whether banks were universally barred from receiving attorneys' fees and costs in interpleader suits arising from bankruptcy actions. *See Chase Manhattan Bank v. Mandalay Shores Coop. Hous. Ass'n (In re Mandalay Shores Coop. Hous. Ass'n),* 21 F.3d 380, 382 – 83 (11th Cir. 1994).

Prudential was not facing a suit from the parties contesting the proper beneficiary of the policy's proceeds. Neither is Prudential seeking attorneys' fees and costs related to this suit. Rather, the record shows that Prudential is entirely disinterested and unable to determine the correct party to whom the proceeds at issue are owed. Accordingly, upon consideration of the facts and circumstances of this case, the Court finds that Plaintiff shall be **dismissed with prejudice** from this action after it deposits the proceeds at issue, along with any accrued interest, to the Clerk of the Court. Plaintiff is **directed** to provide notice to the Court once it deposits said funds.

### b. Enjoining Claimants from bringing other claims

Section 2361 of Title 28 authorizes district courts to enter an order restraining all claimants from instituting a proceeding in any state or federal court affecting the property involved in an interpleader initiated pursuant to Section 1335. *Podhurst Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.*, 699 F. Supp. 2d 1344, 1350 (S.D. Fla. 2010). However, the statute does not articulate the precise standard for framing a § 2361 injunction. Instead, district courts have "extensive discretion under Section 2361 with regard to the issuance and the scope of the order." *Id.* Having considered the facts and circumstances of the instant case and the purpose of the federal interpleader injunction statute, the Court finds that a § 2361 injunction should issue following Prudential's deposit of the proceeds, along with any accrued interest, with the Clerk of the Court.

### IV. Conclusion

The Court **GRANTS** Plaintiff's Motions for Default Judgment against Madison Brown and to Deposit Funds with the Court. (Docs. 53 and 54). Further, Plaintiff is directed to deposit said funds with the Clerk of the Court and present a Copy of this Order when making such deposit.

Plaintiff is further directed to file notice with this Court when the deposit takes place. Upon receipt of this notice, Plaintiff shall be **DISMISSED WITH PREJUDICE** from this action, and all remaining defendants shall be **ENJOINED** from initiating any other actions against Prudential regarding this action.

      **DONE and ORDERED** this 22nd day of August, 2019.

                                        */s/ JEFFREY U. BEAVERSTOCK*
                                        UNITED STATES DISTRICT JUDGE